UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| EDWARD FINLEY, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 1:12-CV-162 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| JOHN HERSH, FBI, retired, | : | |
| LEONARD SHAPIRO, FBI, retired, and | : | |
| RAY LAMORIA, Rutland Police Officer, | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

## RULING ON MOTION FOR EXTENSION
(Doc. 36)

      Plaintiff Edward Finley moves for a thirty-day extension of time to file a notice of appeal. (Doc. 36.)  The United States, John Hersh, and Lionel Shapiro oppose the motion.  (Doc. 38.) Finley did not file a reply in further support of his motion.

      On July 9, 2013, the Court issued an Opinion and Order granting all defendants' motions to dismiss and denying Finley's motion for summary judgment (Doc. 33); Judgment was entered the same day (Doc. 34).  The Judgment included a Notice to Litigants specifically listing September 9, 2013, as the date by which a Notice of Appeal must be filed.  (Doc. 34-1.)  On September 10, 2013, Finley filed his one-sentence motion requesting an extension for thirty days because the "Court Judgment Order was inadvertantly [sic] thrown out with garbage by landlord."  (Doc. 36 at 1.)  The motion also contained the alleged signature of the landlord.  Id.

      Federal Rule of Appellate Procedure 4(a)(6) allows a district court to extend the time if the moving party did not receive notice of entry of the judgment within 21 days, the motion is filed within 180 days after the judgment or within fourteen days after the party receives notice, and no

party would be prejudiced. Fed. R. App. P. 4(a)(6). The determination whether to extend the deadline is at the discretion of the district court. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 362 (2d Cir. 2003).

The Court notes Finley is a pro se litigant; accordingly, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hugues v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). Nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Finley does not state when or how he received notice of the judgment. See Doc. 36. Accordingly, the Court is unable to find he did not receive notice within 21 days after entry of the judgment. The Judgment could have been thrown out with the garbage upon receipt and immediately retrieved. The Court, in its discretion, denies Finley's motion for an extension. As the Second Circuit has recently reiterated, "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." In re WorldCom, Inc., 708 F.3d 327, 338 (2d Cir. 2013) (citation omitted) (holding district court's reopening of time for appeal was abuse of discretion).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of October, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge